**SWARTZEL v. WOODS, Housing Expediter.**

No. 11208.

United States Court of Appeals Sixth Circuit.

Feb. 7, 1951.

A. K. Meck, Dayton, Ohio, for appellant.

Ed. Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, William A. Moran, Spec. Litigation Atty., Washington, D. C., for appellee.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

In an action for injunction and restitution to tenants, filed by the Housing Expediter, the District Court found that appellant was the owner and operator of certain rooming houses in Dayton, Ohio, and that he demanded and received rents in excess of the maximum legal rent. Judgment of restitution for the use and benefit of the tenants overcharged was rendered, and the usual injunction was issued.

Appellant concedes that if the accommodations owned by him are rooming houses the judgment is correct. He contends that he operates apartment houses; that he attempted to register under the controlled housing rent regulation which applies to apartments and similar accommodations; that the area rent director wrongfully refused to process his registrations; and that the provisions of the price regulations on rooming houses do not apply to him.

This contention has no merit. The District Court found as a fact that the houses involved were rooming houses. This finding is supported by the testimony of a witness that he occupied one partly furnished room and that there was but one bathroom in a building used by fifteen tenants. The landlord's practice of charging rates that varied, depending upon the number of occupants is a characteristic of the operation of rooming houses rather than apartments, as also the statement of extras submitted with the registrations for appellant's accommodations, reading as follows:

"Lite over 60-W, 50¢, Radio 25¢, E. Iron 50¢, Parking, $1.50, extra person, $4.00,

E. Heater, $3.00, E. Plate, $3.00, pets $3.00 and E. blankets extra."

These practices clearly support the conclusion of the District Court. Such accommodations could not be considered "facilities commonly regarded in the community as necessary for a self-contained dwelling unit, and of a class of accommodations customarily rented without variations in rent," that is, apartments. 12 Fed.Reg. 4302, Rent Regulations under the Housing and Rent Act of 1947, § 825.5.

Judgment affirmed.